IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANTONIO COUARRUBIAS, <br><br> Plaintiff, <br><br> vs. <br><br> HALL COUNTY; HALL COUNTY SHERIFF DEPARTMENT; SHERIFF JERRY WATSON, individually and in his official capacity; TROOP COMMANDER CHRIS KOLB, individually and in his official capacity; NEBRASKA STATE PATROL; THE STATE OF NEBRASKA; and JOHN DOES 1-10, individually and in their official capacities, <br><br> Defendants. | 8:10-cv-00207-LSC-FG3 <br><br> ORDER TO STRIKE PLEADING |

    This matter is before the magistrate judge for full pretrial supervision. The Clerk of the Court advised that plaintiff filed a First Amended Complaint on August 30, 2010. The defendants' motion for dismissal pursuant to Fed. R. Civ. P. 12(b) is pending before Judge Smith Camp.

    Under Fed. R. Civ. P. 15(a), as amended effective December 1, 2009[1], the plaintiff may amend the complaint once as a matter of course within either (1) 21 days after serving it, or (2) 21 days after the defendant answers or serves a motion under Rule 12(b), (3), or (f),

---

[1]Fed. R. Civ. P. 15(a) now provides:
(a) Amendments Before Trial.
   (1) Amending as a Matter of Course.
   A party may amend its pleading once as a matter of course within:
      (A) 21 days after serving it, or
      (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
   (2) Other Amendments.
   In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

whichever is earlier.  Plaintiff filed the original complaint on May 27, 2010, and the first 21 day period expired June 17, 2010.  Defendants filed their Rule 12(b) motion (#11) on July 20, 2010, and the second 21 day period expired August 10, 2010.

In summary, the time for plaintiff to amend his complaint as a matter of course had expired before August 30, 2010, and the plaintiff did not obtain the opposing party's written consent or leave of the court to file the First Amended Complaint.  Therefore,

**IT IS ORDERED** that plaintiff's "First Amended Complaint" (#19) is stricken, without prejudice to plaintiff filing a motion for leave to file a First Amended Complaint in compliance with Fed. R. Civ. P. 15 and NECivR 15.1.

**DATED August 31, 2010.**

                **BY THE COURT:**

                s/ F.A. Gossett
                **United States Magistrate Judge**